UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

BINIAM TEKLE,

                    Plaintiff,              15-cv-6386

v.

WEGMANS FOOD MARKETS, INC.,                 DECISION
                                            and ORDER

                    Defendant.

_____

## INTRODUCTION

Plaintiff Biniam Tekle ("plaintiff") commenced this action against defendant Wegmans Food Markets, Inc. ("defendant" or "Wegmans) alleging that Wegmans  discriminated against him on the basis of his race and subjected him to a hostile work environment, disparate treatment, and retaliation under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, et seq. ("Title VII").

Defendant moves to dismiss plaintiff's complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure contending that the plaintiff's allegations, if true, fail to state a claim upon which relief can be granted.  For the reasons set forth below, defendants' motion to dismiss the complaint in its entirety is granted.

## BACKGROUND

Unless otherwise noted, the following facts are taken from plaintiff's complaint, including the documents incorporated therein by reference.

Plaintiff, an African American male born in Ethiopia, is a Rochester, New York resident and has been employed by defendant since 1991.  Following a meeting held in the Wegmans warehouse in September 2012, plaintiff was threatened by co-worker Dave Dziuba ("Dziuba") when plaintiff unhooked a chain to allow employees to exit the cordoned-off meeting area.  Dziuba told plaintiff: "If you do that again, I will use that chain to hang you." Complaint ¶ 19. Plaintiff complained of Dziuba's conduct to Wegmans management and in a follow-up meeting, he was advised that the incident "would be handled properly, and resolved." Complaint ¶ 21.  Plaintiff was later informed by fellow coworkers that Dziuba was aware that he complained about the incident and that Dziuba was "out to get him" Complaint ¶ 23.

In September 2013, plaintiff learned of other "racially hostile and insensitive remarks" that Dziuba had made about minority employees and made another complaint to Wegmans management. Complaint ¶ 25.  In August 2014, when plaintiff returned to work from a nine-month long medical leave, he learned that Dziuba had been promoted to a supervisory position in plaintiff's department.  A subsequent meeting was held with Dziuba and Wegmans representatives wherein plaintiff voiced his concerns about Dziuba's promotion.  On September 3, 2014, plaintiff "again met with management about Dziuba and pleaded with them to" address Dziuba's actions.  Complaint ¶ 31.

In his complaint, plaintiff further alleges that, at some point, he became aware of other "racially hostile activities at Wegmans," including Caucasian employees making comments about hanging African American employees and an African-American employee being chased by a Caucasian employee on a forklift and referred to as a "good dead N*igger." Complaint ¶ 32.

In response to his complaint against Dziuba, plaintiff was eventually advised by Wegmans representative Mike Cullen to "find his closure elsewhere." Complaint ¶ 33.  Plaintiff subsequently filed a complaint with the New York State Division of Human Rights ("NYSDHR") on September 23, 2014, resulting in a March 13, 2015 written finding that no probable cause existed to believe that defendant had engaged in the unlawful discriminatory practice reported by plaintiff.  In his complaint, plaintiff alleges, however, that he was subjected to retaliation after filing his NYSDHR complaint by being "written up" on three occasions for being one minute late, leaving work early, and failing to be present in his work area. Complaint ¶ 35.

## DISCUSSION

### I.   Motion to Dismiss Standard

To withstand a Rule 12(b)(6) motion to dismiss, the complaint must plead facts sufficient "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal citations and quotation marks omitted). Determining whether a complaint meets the plausibility standard is "context-specific" and requires that the court "draw on its judicial experience and common sense." *Id.* at 679.

## II. <u>Plaintiff has failed to state a prima facie case of racial discrimination</u>.

### A.   Hostile Work Environment

As a preliminary matter, the Court rejects defendant's initial contention that plaintiff's claims based upon Dziuba's September 2012 comments are untimely because plaintiff failed to submit his EEOC complaint within 300 days of the alleged discriminatory conduct.  It is well settled that an employee can recover on hostile work environment theory for acts occurring more than 300 days before a charge was filed with EEOC if the acts were part of same hostile work environment and at least one occurred within 300-day period. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 118 (2002)(Title VII "does not separate individual acts that

are part of the hostile environment claim from the whole for the purposes of timely filing and liability").

Title VII forbids an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). "A hostile work environment claim requires a showing [1] that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and [2] that a specific basis exists for imputing the objectionable conduct to the employer." *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002). When a coworker is alleged to have engaged in harassing activity, his conduct can be attributed to an employer who provided no reasonable avenue of complaint or knew of the harassment but did nothing about it. *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 766-767 (2d Cir. 1998). To demonstrate whether plaintiff was the victim of a hostile work environment, he must show that the misconduct was "severe or pervasive enough to create an objectively hostile or abusive work environment." *Colquitt v. Xerox Corp.*, No. 05-CV-6405, 2010 WL 3943734, at *3 (W.D.N.Y. 2010), *aff'd*, 546 F. App'x 26 (2d Cir. 2013) (internal quotation marks omitted). The incidents alleged must not be sporadic but "sufficiently continuous and concerted in order to be deemed pervasive." *Id.*

Defendant's motion to dismiss plaintiff's claim for racial discrimination asserts that the isolated incidents alleged in the complaint do not rise to the level of a hostile work environment. The Court finds that, even construing the plaintiff's allegations liberally and taking all plausible factual allegations as true, both plaintiff's claims for discrimination on the basis of his race and a hostile work environment are insufficient to withstand defendant's Rule 12(b)(6) motion to dismiss.

Plaintiff contends that he was the victim of the allegedly racial threat that he was going to be hanged by Dziuba if he opened up a chained off section of the Wegmans warehouse.  Plaintiff further alleges that he reported this harassment to supervisors or managers who failed to respond apart from listening to his complaint.  Plaintiff then attempts to establish a pattern of racially-hostile conduct by listing three undated incidents of harassment against three other African-American employees. However, there is no indication of how or when plaintiff became aware of these other incidents or whether they had any impact on his perception of Dziuba's September 2012 comment.  Moreover, plaintiff's allegation that defendant provided no reasonable avenue of complaint or did nothing about Dziuba's harassment is belied by the complaint itself, which states that defendant held more than one meeting with plaintiff and Dziuba to address the issue.

To sustain a hostile work environment claim of race discrimination, plaintiff must allege that the harassment was so

severe or pervasive that it created "an objectively hostile or
abusive work environment[, that which] a reasonable person would
find hostile or abusive," and that he "subjectively perceive the
environment to be abusive." *Harris v. Forklift Sys., Inc.*, 510 U.S.
17, 21 (1993).   If the conduct alleged by plaintiff is not
"sufficiently severe or pervasive to alter the conditions of [his]
employment," no Title VII violation has occurred. *Id.*  It is clear
that Dziuba's stray comment to plaintiff, taken alone, is
insufficient to plausibly establish a discrimination claim. *See
id.*; *Suarez v. New York City Dep't of Human Res. Admin.*, No. 09
CIV. 8417, 2011 WL 1405041, at *4 (S.D.N.Y. 2011).

Although all four incidents alleged in the complaint are
disturbing and arguably race-based, they fail to rise to the
required level of an adverse employment action for purposes of
Title VII.  "For racist comments, slurs, and jokes to constitute a
hostile work environment, there must be more than a few isolated
incidents of racial enmity." *Schwapp v. Town of Avon,* 118 F.3d 106,
110 (2d Cir. 1997)(internal quotation marks omitted)("instead of
sporadic racial slurs, there must be a steady barrage of
opprobrious racial comments").  Contrary to defendant's contention,
the fact that plaintiff learned second-hand of racially derogatory
comments made by fellow employees can contribute to a hostile work
environment and be therefore relevant to his claim.  However,
considering the totality of the circumstances alleged, including

the frequency and severity of the alleged discriminatory conduct and whether it altered the conditions of plaintiff's employment, the Court finds that plaintiff has failed to set forth a hostile work environment claim sufficient to withstand a Rule 12(b)(6) motion to dismiss.

**B. Disparate treatment and unlawful retaliation.**

To the extent that the complaint, liberally construed, sets forth claims of disparate treatment and unlawful retaliation, the Court concludes that they are also subject to dismissal.

A complaint must do more than merely assert that racial discrimination occurred to survive a motion to dismiss. "The complaint must allege that the plaintiff was treated differently than were others similarly situated because of [his] race and include facts from which racial animus or disparate treatment against plaintiff can be inferred." *Richardson v. Sec. Unit Employees Council 82*, No. 99-CV-1021, 2001 WL 392089, at *4 (W.D.N.Y. 2001). A claim of intentional race discrimination under Title VII must set forth "a modicum of facts regarding the adverse action and the disparate treatment involved." *Britton v. The Gleason Works*, No. 07-CV-6506, 2008 WL 3413902, at *4 (W.D.N.Y. 2008).

Plaintiff alleges no facts to support the conclusion that he suffered adverse employment action under circumstances giving rise to a plausible inference of discrimination. Even accepting

plaintiff's allegations as true that: (1) he was subjected to frivolous written reprimands; (2) defendant did not take action in response to his complaint concerning Dziuba; (3) and Dziuba was promoted within plaintiff's department, there are no related circumstances asserted that suggest discrimination based on race or of defendant's discriminatory intent.   Plaintiff simply fails to allege that he was treated differently than others similarly situated because of his race.

Plaintiff's claim of retaliation, which rests solely on his assertion that he was "frivolously disciplined in retaliation for having opposed discrimination" by being written up three times after the filing of his NYSDHR complaint, also fails to state a claim upon which relief can be granted. Complaint ¶ 35.  The Court finds that plaintiff has failed to assert a causal connection between the filing of his NYSDHR complaint and any adverse employment action.

## CONCLUSION

For the reasons set forth above, the Court grants defendant's motion to dismiss the complaint, in its entirety, without prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          December 9, 2015